1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL BANKS, et al,

11              Plaintiffs,                    No. CIV S- 05-0742 MCE GGH P

12         vs.

13   STATE OF CALIFORNIA, et al.

14              Defendants.                    ORDER
                                     /

15

16          Plaintiffs, state prisoners proceeding pro se, have filed a document entitled

17   "petition for injunction against fraud and declaratory judgment."   This proceeding was referred

     to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).   Plaintiffs Michael Banks,

18   Alvin Mack, and Tracy Gilmore set forth various federal statutes under which they purport to

19   proceed.  Based on the allegations of their filing, the court is unable to discern whether plaintiffs

20   intend to proceed under 42 U.S.C. § 1983 or pursuant to 28 U.S.C. § 2254.

21          No plaintiff has filed an in forma pauperis affidavit pursuant to 28 U.S.C. § 1915,

22   or paid the filing fee for either a civil rights complaint or for a habeas petition. The filing fee for

23   a civil rights action is $250.00; the filing fee for a petition for writ of habeas corpus is $5.00.

24          To the extent that plaintiffs intend to bring a class action, they have failed to take

25   even the initial step of filing a motion for the court to certify this matter as a class action,

26

1   pursuant to Fed. R. Civ. P. 23.   Moreover, plaintiffs are non-lawyer inmates proceeding without

2   counsel.

3          It is well established that a layperson cannot ordinarily represent the interests of a

4   class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost

5   absolute when, as here, the putative class representative is incarcerated and proceeding pro se.

6   Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot

7   "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the

8   Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).

9   Plaintiff's privilege to appear in propria persona is a "privilege . . . personal to him.  He has no

10  authority to appear as an attorney for others than himself."  McShane v. U. S., 366 F.2d 286, 288

11  (9th Cir.1966), citing Russell v.United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien,

12  93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954).

13  Therefore, this action will not be construed as a class action.

14          The complaint is difficult to follow; plaintiffs allege, inter alia, that defendants, on

15  or before March 7, 1994, have acted to "recall slavery back into the United States in their overt

16  acts to maintain a secret empire within the California penal system in relation to forms of

17  applications of law that is prohibited by the United States Constitution to enforce laws...." which

18  "return black people to the condition of peonage or slavery...."  Complaint, p. 2.  Although it is

19  by no means clear, plaintiffs appear to be challenging the constitutionality of the three-strikes

20  law, Cal. Penal Code § 667, as an ex post facto law which abridges plaintiffs "constitutional

21  right" to enter into plea bargains.  Id.  Plaintiffs purport to sue the State of California and the

22  Government Claims Board.

23          The Eleventh Amendment serves as a jurisdictional bar to suits brought by private

24  parties against a state or state agency unless the state or the agency consents to such suit.  See

25  Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam);

26  Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of

2

1   California has not consented to suit.  Accordingly, plaintiffs' claims against the State of

2   California and the Government Claims Board are frivolous and must be dismissed.

3          In addition, although plaintiffs attach various exhibits, within the allegations, they

4   make only vague and conclusory claims, unsupported by any factual underpinning.  It is possible

5   that plaintiffs seek declaratory relief in the form of having the three strikes law declared

6   unconstitutional.  On the other hand, they may be intending to allege racial discrimination within

7   the state penal or prison system.   To the extent plaintiffs seek release from confinement, they

8   must individually proceed pursuant to 28 U.S.C. § 2254.   If the nature of the claim is such that it

9   would necessarily imply the invalidity of a prisoner's conviction or continuing confinement, a

10   prisoner must bring a habeas petition.  <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1997).

11
12
13
14
15
16
17
> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973).   Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. <u>Ibid</u>. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. <u>See</u> <u>Muhammad v. Close</u>, 540 U.S.749 ----, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); <u>Preiser</u>, <u>supra</u>, at 498-499, 93 S. Ct. 1827.

18   <u>Nelson v. Campbell</u>, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004):

19          On the other hand, if plaintiffs intend to allege that they are subject to racial

20   discrimination as a condition of their prison confinement, each should proceed in individual

21   actions pursuant to 42 U.S.C. § 1983.  The Federal Rules of Civil Procedure provide "[p]arties

22   may be dropped or added by order of the court on motion of any party or of its own initiative at

23   any stage of the action and on such terms as are just.  Any claim against a party may be severed

24   and proceeded with separately." Fed. R. Civ. P. 21.  Courts have broad discretion regarding

25   severance.  <u>See</u> <u>Davis v. Mason County</u>, 927 F.2d 1473, 1479 (9th Cir. 1991).

26          In this court's experience, an action brought by multiple inmate plaintiffs

1   proceeding pro se presents procedural problems that cause delay and confusion.  Delay often

2   arises from the frequent transfer of inmates to other facilities or institutions, the changes in

3   address that occur when inmates are released to parole, and the difficulties faced by inmates who

4   attempt to communicate with each other and with unincarcerated individuals.  Therefore, the

5   claims of each plaintiff will be severed from those of any other plaintiff.

6          The court is unable to discern precisely how each plaintiff intends to proceed,  no

7   party having filed an in forma pauperis affidavit and no colorable claim having as yet been set

8   forth.  This complaint will be dismissed as to each plaintiff with leave granted for each to file an

9   appropriate civil rights action under 42 U.S.C. § 1983 or to file an application for a writ of

10   habeas corpus pursuant to 28 U.S.C. § 2254, within 30 days.   In either case, each plaintiff must

11   also file an in forma pauperis affidavit or the required filing fee, along with the amended filing,

12   either a civil rights complaint or a habeas petition.  See 28 U.S.C. §§ 1914(a), 1915(a).  If each

13   plaintiff files an amended complaint, he must demonstrate how the conditions complained of

14   have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

15   227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named

16   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

17   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

18   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

19   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

20   official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents,

21   673 F.2d 266, 268 (9th Cir. 1982).

22          Should any plaintiff file a petition for writ of habeas corpus, he must set forth the

23   specific sentence or conviction he wishes to challenge and the grounds for his challenge.  Each

24   plaintiff will be provided the appropriate forms for a civil rights action and for a habeas petition

25   in this district.

26          Each plaintiff will proceed with his own action and will be solely responsible for

4

1   his own action.  Each plaintiff will be given thirty days to file, in his own action, an amended

2   complaint or a habeas petition, and a new application for leave to proceed in forma pauperis,

3   using the forms provided by the court with this order.  Each plaintiff is cautioned that if an

4   individual action proceeds further it is probable that each plaintiff will incur a liability in the

5   amount of the $250.00 filing fee, which amount will be collected from the inmate's prison trust

6   account.[1]  See 28 U.S.C. § 1915(b).  If each plaintiff proceeds as petitioner, each will be subject

7   to a $5.00 filing fee.

8          The Clerk of the Court will be directed to assign the new actions to the same

9   district judge and magistrate judge assigned to the instant action.  The Clerk of the Court shall

10  make appropriate adjustment in the assignment of civil cases to compensate for this

11  reassignment.

12         Accordingly, IT IS ORDERED that:

13         1. The claims of plaintiffs Alvin Mack and Tracy Gilmore are severed from the

14  claims of Michael Banks;

15         2. Plaintiff Michael Banks shall proceed as the sole plaintiff in case No. CIV S-

16  05-0742 MCE GGH P;

17         3. The Clerk of the Court is directed to:

18             a. Open two separate civil actions for plaintiffs Alvin Mack and Tracy

19         Gilmore ;

20             b. Assign each action to the district judge and magistrate judge to whom

21         the instant case is assigned and make appropriate adjustment in the assignment of

22         civil cases to compensate for such assignment;

23             c. File and docket a copy of this order in each of the two files opened for

24         the plaintiffs listed in number 3a above;

25

26  _____
    [1] See  Information to Prisoners Seeking Leave to Proceed with a Civil Action in Federal
    Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915.

d. Place a copy of the complaint, filed April 18, 2005, in each of the files opened for the plaintiffs listed in number 3a above;

e. Strike from the caption of each plaintiff's complaint all plaintiffs' names except the name of the individual plaintiff proceeding in the action;

f. Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action.

4. Each plaintiff's complaint is dismissed;

5. The Clerk of the Court is directed to send each plaintiff a form for filing a civil rights action under 42 U.S.C. § 1983, a form for filing a habeas petition pursuant to 28 U.S.C. § 2254, and an Application to Proceed In Forma Pauperis By a Prisoner; and

6. Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint or a habeas petition, and an application to proceed in forma pauperis, using the forms provided by the court with this order.  Each plaintiff's documents must bear the docket number assigned to his own individual case.  Each plaintiff must file an original and two copies of his amended complaint or his habeas petition.  Failure to file an amended complaint or habeas petition and an application to proceed in forma pauperis in accordance with this order will result in a recommendation that each plaintiff's action be dismissed.

DATED: 7/12/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
bank0742.b+

6